UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>E. GARCIA, et al.,<br><br>Defendants. | Case No. 21-cv-01164-PJH<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id*. (internal quotation marks omitted).

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Andrews*, 398 F.3d at 1121. *Andrews* implicitly allows the court to *sua sponte* raise the §

1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *Andrews*, 398 F.3d at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least three strikes pursuant to § 1915(g):

1. *Bradford v. Terhune*, No. 04-5496 AWI DLB (E.D. Cal.), dismissed for failure to state a claim.  Docket Nos. 17, 18.

2. *Bradford v. Terhune*, No. 04-5261 LJO SMS (E.D. Cal.), dismissed for failure to state a claim.  Docket Nos. 34, 35.

3. *Bradford v. Grannis*, No. 05-0862 FCD DAD SAB (E.D. Cal.), dismissed as frivolous and for failure to state a claim.  Docket Nos. 12, 14.

4. *Bradford v. Attorney General of California*, No. 18-3249 JAM EFB (E.D. Cal.), dismissed for failure to state a claim.  Docket Nos. 22, 24.

Plaintiff shall show cause by **April 22, 2021**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied.  While plaintiff appears to concede that he is three strikes barred in his complaint and in forma pauperis application, pursuant to *Andrews* he will still be provided an additional opportunity to contest the strike cases noted above or present further arguments regarding imminent danger.  In the alternative to showing cause why the action should not be dismissed, plaintiff may avoid dismissal by paying the full $402.00 filing fee by the deadline.

**IT IS SO ORDERED.**

Dated: March 22, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge