1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  RAYMOND ALFORD BRADFORD,          Case No. 21-cv-01164-PJH
8          Plaintiff,
                                     **ORDER OF DISMISSAL**
9      v.
                                     Re: Dkt. No. 3
10  E. GARCIA, et al.,
11         Defendants.
12
13      Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. §

14  1983 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The

15  court ordered plaintiff to show cause why this action should not be dismissed under 28

16  U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma

17  pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while

18  incarcerated or detained in any facility, brought an action or appeal in a court of the

19  United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

20  state a claim upon which relief may be granted, unless the prisoner is under imminent

21  danger of serious physical injury."  28 U.S.C. § 1915(g).  The plain language of the

22  imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed

23  at the time of filing of the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053

24  (9th Cir. 2007)   The order identified four prior dismissals that appeared to count under

25  § 1915(g) and ordered plaintiff to show cause why pauper status should not be denied,

26  and the action should not be dismissed.  The order further stated that plaintiff also could

27  avoid dismissal by paying the filing fee by the deadline.

28

Plaintiff has filed a response and does not contest that he has at least three strikes pursuant to § 1915(g). Instead plaintiff argues that he was under imminent danger of serious physical injury. Plaintiff alleges in the complaint that various prison officials conspiring to have him murdered and are tampering with his mail to prevent him from filing cases with the court. He says he has been assaulted at various prisons in the last few years by guards and had been denied access to the courts. He also states that defendants have failed to transfer him to a medical facility due to his medical conditions. Plaintiff states that he is under imminent danger of serious injury due to this ongoing conspiracy and that he was assaulted by guards on March 12, 2021.

With respect to interference with access to the courts, the court notes that in the last four years plaintiff has filed and litigated nine cases in this court, eleven cases in the Eastern District of California, eight cases in the Central District of California and seven cases in the Southern District of California. It appears that plaintiff can adequately access the courts. While plaintiff's allegations of an assault by guards on March 12, 2021, is troubling, plaintiff has repeatedly presented the same allegations of assaults by guards and a conspiracy to murder him for the last several years. *See, e.g., Braford v. Prison Law Office*, Case No. 19-cv-1910 PJH (N.D. Cal.); *Bradford v. Peralta*, Case No. 19-1222 CAB BGS (S.D. Cal.); *Bradford v. E. Jordan*, Case No. 18-cv-2099 CMK (E.D. Cal.). In light of the similar general and conclusory allegations for many years, the court finds that plaintiff has failed to plausibly show that he was under imminent danger of serious injury when he filed this case. In addition, plaintiff filed this case on February 17, 2021, while at Salinas Valley State Prison and has since been transferred to the California Health Care Facility. Plaintiff's allegations of an assault by certain guards occurred nearly a month after he filed this case and perhaps at a different prison. With respect to the medical issues in the complaint, plaintiff fails to present any arguments how his medical condition places him under imminent danger of serious physical injury. The allegations in the complaint are too conclusory to show sufficient imminent danger to plaintiff.

Each of the four earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes.  Plaintiff has not paid the filing fee, has not shown that any of the prior dismissals could not be counted under § 1915(g), and has not shown that he was under imminent danger of serious physical injury at the time he filed this action, and has not otherwise shown cause why this action could not be dismissed.  For the foregoing reasons, plaintiff's in forma pauperis application (Docket No. 3) is **DENIED**. This action is **DISMISSED** for failure to pay the filing fee.  The dismissal is without prejudice to plaintiff asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge